24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. HEATH, Defendant-Appellant.
 No. 92-10694.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael D. Heath appeals his 120-month sentence imposed following entry of a guilty plea to possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Heath contends that his sentence was illegal because his codefendant, a juvenile, was sentenced to four years' probation. We have jurisdiction under 28 U.S.C. Sec. 1291.[1] We dismiss.
 
 
 3
 A defendant may waive the right to appeal in a plea agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Here, the plea agreement provided that Heath "waives any right to appeal the imposition of sentence ... as long as the sentence given is within that contemplated by the plea agreement." The parties further agreed "that any sentence of incarceration imposed by the court will not exceed 151 months." The district court imposed the mandatory minimum sentence of 120 months.
 
 
 5
 Heath does not suggest that his waiver was involuntary or unintelligent, see United States v. DeSantiago-Martinez, 980 F.2d 582, 582-83 (9th Cir.1992), or that the government breached the agreement, see United States v. Gonzalez, 981 F.2d 1037, 1038 (9th Cir.1992). Therefore, because the sentence imposed was in accordance with the plea agreement, we enforce the waiver of the right to appeal. See Bolinger, 840 F.2d at 480.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following our limited remand, the district court found excusable neglect existed for the late notice of appeal